IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,<br><br>                      Plaintiff,<br><br>    vs.<br><br>UNIVERSITY OF NEBRASKA-LINCOLN, MEAGAN COUNLEY, in her individual and official capacities; TONI ANAYA, in her individual capacity; and JANE ROE;<br><br>                      Defendants. | 4:25CV3058<br><br>ORDER |

      Plaintiff has moved the Court to proceed under a pseudonym both for himself and for one of the named defendants, Jane Roe, due to the nature of the allegations in his Complaint. (Filing No. 3). Specifically, Plaintiff's Complaint alleges claims for violations of Title IX, due process, and equal protection rights arising out of what he contends was a false accusation of sexual assault made against him by Jane Roe, a former romantic partner. John Doe alleges the false accusation was then unfairly and inadequately investigated and decided by the University of Nebraska, where both John Doe and Jane Roe were students. (Filing No. 1).

      Courts "disfavor the use of fictitious names in legal proceedings," but the Eighth Circuit has recently held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). The Eighth Circuit set forth non-exhaustive factors a district court should consider when determining whether a party may proceed anonymously. Factors weighing in favor of party anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threatens to reveal information of a sensitive and highly personal nature"; (3) whether a party would "be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity. *Id.* Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of

fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and whether "there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id.* (citations omitted). "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion. *Id.* at 1077-78.

After review of the Complaint and due consideration of the above factors, the Court finds Plaintiff has established that, at this time, it is appropriate for him to proceed under a fictitious name against Jane Roe, also a fictitious name. The allegations in the Complaint involve detailed descriptions of an intimate relationship between John Doe and Jane Roe, and what John Doe asserts was a false sexual assault allegation made against him by Jane Roe. The Complaint is replete with "matters of a sensitive and highly personal nature" that involve "information of the utmost intimacy." Additionally, Jane Roe claims to be a victim of sexual assault—a claim which John Doe asserts is false—allegations which may invite criticism, retaliation, or other harm to both parties' reputations and psychological well-being. Moreover, the nature of Plaintiff's allegations indicates that the defendants would know the identities of both Plaintiff and Jane Roe such that anonymity would not prejudice the defendants or otherwise be fundamentally unfair. See *Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities "lessens their claims to be prejudiced by the use of pseudonyms.") (quoting *Advanced Textile Corp.*, 214 F.3d at 1069 n.11 (9th Cir. 2000)). Therefore, the Court will grant the Plaintiff's motion to proceed under pseudonyms.

However, the Court is entering this Order prior to service of process upon the defendants and without the benefit of hearing the defendants' positions on the matter. As such, this decision shall be subject to reconsideration, if requested, after the defendants are served with process and have entered appearances in this case. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Proceed Under Pseudonym (Filing No. 3) is granted. Plaintiff may proceed under the pseudonym John Doe against the defendant under the pseudonym Jane Roe. This decision shall be subject to reconsideration, if requested, after the defendants are served with process and have entered appearances in this case.

2.     Plaintiff shall request summons for Jane Roe under seal, and file any future proof of service or summons return upon Jane Roe under seal until further order from the Court.

Dated this 7th day of May, 2025.

                                                  BY THE COURT:

                                                s/Michael D. Nelson
                                                United States Magistrate Judge