IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; TONI ANAYA, in her individual capacity; and MEAGAN COUNLEY, in her individual and official capacities,<br><br>　　　　　　Defendants. | 4:25CV3058<br><br>**MEMORANDUM<br>AND ORDER** |

　　In this case, plaintiff John Doe ("Doe") contends he was falsely accused of rape and unfairly expelled from the University of Nebraska–Lincoln (the "University") after a biased investigation and disciplinary hearing conducted under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* In his First Amended Complaint (Filing No. 18), Doe alleges Toni Anaya ("Anaya"), a University employee who chaired his hearing board, and Meagan Counley ("Counley" and together, the "defendants"), the University's Title IX Coordinator, violated his constitutional rights by treating him differently than his accuser as a result of discriminatory animus based on his sex.

　　In Count III, he sues Anaya and Counley in their individual capacities under 42 U.S.C. § 1983, alleging they violated his right to equal protection under the Fourteenth Amendment to the United States Constitution. *See* U.S. Const. amend. XIV, § 1; 42 U.S.C. § 1983 (authorizing an injured party to sue state officials for violating his "rights, privileges, or immunities secured by the Constitution and laws"). He seeks "compensatory and emotional damages" from each of them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677

(2009) (explaining that a public official sued under § 1983 "is only liable for his or her own misconduct").

In Count IV, Doe likewise claims Counley violated his equal-protection rights in her official capacity as Title IX Coordinator. *See* U.S. Const. amend. XIV, § 1; 42 U.S.C. § 1983. For that claim, he seeks "declaratory and injunctive relief." In particular, he asks for a permanent injunction barring any reference to the Title IX investigation in his educational records and a declaration that his adjudication violated his equal-protection rights.

Before the Court is the defendants' Partial Motion to Dismiss (Filing No. 39) Doe's equal-protection claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). They give three reasons to dismiss. First, they argue Doe "fails to state a plausible equal protection claim." *See Iqbal*, 556 U.S. at 678-80 (expounding the plausibility standard). Second, they state that "even assuming *arguendo* that [Doe] had stated a viable constitutional violation, [they] are entitled to qualified immunity with respect to the equal protection claims brought against them." *See Cannon v. Dehner*, 112 F.4th 580, 585 (8th Cir. 2024) ("Government employees sued in their individual capacities under § 1983 may assert the affirmative defense of qualified immunity."); *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016) ("[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity 'must show that they are entitled to qualified immunity on the face of the complaint.'" (quoting *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005)). Third, Counley asserts the claim against her "fails because [Doe] alleges no facts showing her personal involvement or a viable basis for supervisor liability." The defendants urge the Court to dismiss Doe's equal-protection claims with prejudice.

In response (Filing No. 43), Doe readily "concedes that he has not alleged a similarly situated female accused student," which he describes as "a necessary component of equal protection claims in this context in the Eighth Circuit." (Citing *Does 1-2 v. Regents of the*

*Univ. of Minn.*, 999 F.3d 571, 581 (8th Cir. 2021)). He further "concedes that those claims should be dismissed without prejudice to a future amendment *if* an appropriate comparator is later discovered within the limitations period." With that, he opposes the defendants' motion only "to the extent it seeks dismissal with prejudice."

In light of Doe's concessions, the only issue before the Court is whether to dismiss his equal-protection claims with or without prejudice. *Cf. Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020) (concluding it "need not address the clearly established requirement" because the plaintiff "did not plausibly allege" a constitutional violation). Calling Doe's claims "fundamentally flawed" at their core, the defendants maintain they are entitled to prejudicial dismissal.

To that end, they stress "the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). As the defendants see it, qualified immunity shields them "from the burdens of litigation, including discovery" and Doe's "argument to defer this question until after discovery is legally baseless" and contrary to binding precedent.[1] To dash Doe's hopes about the possibility of later finding a comparator, they dubiously suggest that "[t]he missing elements [from Doe's claims]—comparator, discriminatory conduct or intent, personal involvement, etc.—are facts uniquely within his control" and "personal knowledge."

The defendants are correct about one important interest balanced by qualified immunity—"the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). But, they selectively ignore the second—"the need to hold public officials accountable when they exercise power irresponsibly." *Id.* Doe's request for non-prejudicial dismissal

---

[1] The defendants' broader statements about qualified immunity do not fully address Doe's observation "that qualified immunity does not apply to claims for equitable relief." *Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir. 1994).

3

may be an awfully slender reed to grasp in these circumstances, but he holds out hope to serve the interest of accountability.

What's more, the pith and vigor of the defendant's argument for prejudicial dismissal depends on a false premise. Doe does not ask the Court to defer its decision on his claims pending discovery as the defendants contend. *See Johnson v. Moody*, 903 F.3d 766, 773 (8th Cir. 2018) (concluding the district court did not abuse its discretion in denying the plaintiff's request "to defer ruling on qualified immunity until after they subjected [the defendants] to extensive, burdensome discovery"). He only asks that the dismissal be without prejudice just in case pertinent additional facts come to light in the near future. He otherwise concedes his claims should be dismissed. *See Crawford-El v. Britton*, 523 U.S. 574, 575 (1998) (explaining one goal of qualified immunity is to allow public officials to quickly terminate insubstantial suits). The defendants will therefore not be subject "either to the costs of trial or to the burdens of broad-reaching discovery." *Id.* at 588, 593 n.14 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

The Court is not persuaded that it is bound to dismiss Doe's equal-protection claims with prejudice in these circumstances. *See Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012) ("When a district court dismisses an action for failure to state a claim, it may do so with or without prejudice."). And resolving the defendants' motion solely on Doe's concession that he fails to state a claim allows the Court to avoid unnecessary deeper dives on questions of constitutionality, immunity, and futility that may not be as clear cut as the defendants suggest. *See generally Lombardo v. City of St. Louis*, 38 F.4th 684, 690 (8th Cir. 2022) (recognizing "the 'longstanding principle of judicial restraint . . . that courts avoid reaching constitutional questions in advance of the necessity of deciding them'" (alteration in original) (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988))); *Crawford-El*, 523 U.S. at 598 (noting immunity questions sometimes require "complicated analysis of legal issues"); *Anderson*, 483 U.S. at 646 n.6; *Sanchez v.*

*Bremer*, No. 8:11-CV-314, 2012 WL 1396879, at *7 (D. Neb. Apr. 23, 2012) (expecting a "lack of factual clarity . . . at the pre-summary judgment stage" and explaining that "[a]ny qualified immunity inquiry at this stage is, 'unlikely to be very specific, given that federal civil practice is based on notice pleading, where great specificity is not required'" (quoting *Riverdale Mills Corp. v. Pimpare*, 392 F.3d 55, 60-61 (1st Cir. 2004))). If Doe does try to revive his equal-protection claims in the future and the defendants again find flaws, they will have ample means to challenge him.

For the foregoing reasons,

IT IS ORDERED:

1. Defendants Toni Anaya and Meagan Counley's Partial Motion to Dismiss (Filing No. 39) pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted in part and denied in part.
2. Plaintiff John Doe's equal-protection claims are dismissed without prejudice, and Anaya and Counley are dismissed as defendants in this case.

Dated this 14th day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge