**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MEAGAN COUNLEY, In her individual and official capacities; and BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,**<br><br>**Defendants.** | **4:25CV3058**<br><br>**AMENDED CASE PROGRESSION ORDER** |

This matter comes before the Court on the Defendants' Motion to Extend Deadlines (Filing No. 87). After review of the motion and conferring with the parties, the Court finds good cause to grant the requested extensions, in part. Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Extend Deadlines (Filing No. 87) is granted, in part, and the case progression order is amended as follows:

1) The deadline for the parties to supplement mandatory disclosures under Rule 26(a)(1) is **September 16, 2026**.

2) The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure remains **November 2, 2026**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **November 16, 2026**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

3) Experts:

   a. The deadline for defendants to identify expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is extended to **November 2, 2026**.

   b. The deadline for defendants to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is extended to **November 30, 2026**.

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

c. The deadline for filing motions to exclude testimony on *Daubert* and related grounds is extended to **March 31, 2027**.

4) The planning conference set for December 16, 2026, is cancelled. The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **February 17, 2027**, at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is extended to **February 18, 2027**. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **seven (7)**.

6) The deadline for filing motions to dismiss and motions for summary judgment is extended to **March 31, 2027**.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 2nd day of September, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge